MAYER BROWN LLP
Archis A. Parasharami (SBN 321661)
aparasharami@mayerbrown.com
Daniel E. Jones (*pro hac vice* to be filed)
djones@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000

*Attorneys for Defendant Lyft, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO TECSON, individual on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LYFT, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-cv-6782<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL**<br><br>Complaint filed in California Superior Court: September 26, 2018<br><br>Complaint served on Lyft, Inc.: October 10, 2018<br><br>Notice of Removal filed: November 8, 2018 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Lyft, Inc. ("Lyft"), hereby removes to this Court the state-court action described below.

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446, as discussed in more detail below.

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

1. On September 26, 2018, Plaintiff Antonio Tecson filed a putative class action in the Superior Court of the State of California, County of San Francisco, under Case Number CGC-18-570125.

2. On October 10, 2018, Lyft was served with the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Lyft are attached to this Notice of Removal as Exhibit 1.

3. This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Superior Court of the State of California, County of San Francisco is located within the Northern District of California. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5. In his complaint, Tecson alleges one cause of action for a violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Compl. ¶¶ 22-27.

6. The Court has jurisdiction over this action under 28 U.S.C. § 1331 because a claim under the TCPA "arises under federal law, and district courts possess federal-question jurisdiction under § 1331." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012).

7. The Supreme Court's decision in *Mims* makes clear that "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits." *Id.* at 376. In other words, the "familiar default rule" that "[f]ederal courts have § 1331 jurisdiction over claims that arise under federal law" applies to TCPA claims. *Id.* at 387.

**NOTICE TO ADVERSE PARTIES AND STATE COURT**

8. In accordance with 28 U.S.C. § 1446(d), Lyft is filing in the Superior Court of the State of California, County of San Francisco, and serving Plaintiff with a copy of a Notice to the Superior Court and to Plaintiff of Filing of Notice of Removal in the form of Exhibit 2, which is incorporated by reference.

**CONCLUSION**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Lyft hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated:  November 8, 2018

Respectfully submitted,

**MAYER BROWN LLP**

 /s/ Archis A. Parasharami
Archis A. Parasharami (SBN 321661)
aparasharami@mayerbrown.com
Daniel E. Jones (*pro hac vice* to be filed)
djones@mayerbrown.com
1999 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000

*Attorneys for Defendant Lyft, Inc.*